at all. At this time, would counsel for the appellant please introduce himself on the record to begin. Good morning. My name is David Baker. I'm here for Andy Lou Tran. I woke up with a bit of laryngitis this morning, so if you have trouble understanding me, let me know, please. Mr. Tran asks that the Court reverse the decision of the Bank of New York granting summary judgment to the appellee in an action to avoid a pre-petition foreclosure sale. It's something of an unusual factual situation, or at least rather I should say not factual but legal situation because the facts are not really subject to dispute. The foreclosure sale took place pre-petition and a foreclosure deed was recorded pre-petition. However, the deed itself was not notarized. In fact, the page on which the jurat would appear was completely missing from the deed. Massachusetts law has consistently held that unnotarized deeds are void. They are, quote, improvidently recorded. I had to think for a second. So it was our position that the foreclosure deed that lacked the jurat was improvidently recorded. More generally, the Bank of New York explicitly defines foreclosure of a debtor's equity of redemption as a transfer. So it was our position that the improvidently recorded deed was not effective to perfect any interest that the buyer at the foreclosure sale would have. What about the affidavit of sale? Well, that's where the legal kicker comes in, so to speak. An affidavit of sale is recorded, according to the Massachusetts law, is recorded with a deed. And all the affidavit of sale does is state that the requirements of the foreclosure statute were complied with. It does not constitute a conveyance. The conveyance is the deed. So true it is that there was an affidavit of sale recorded with the improvidently recorded deed. But as I think I said in my brief, the affidavit of sale conveys nothing, and it lives or dies with the validity of the deed. Well, help me out with how this works. We're talking about constructive notice. Well, you see, that's another issue. I think the question of notice is not relevant. Well, but let me stay with this. There is the notion of constructive notice that we have as a fiction, that if you went to the registry and looked through it, you would be put on notice that there had been a transaction that you need to pay attention to. Well, my position is that notice is irrelevant because in Section 544A of the Bankruptcy Code, subsection 3 says a transfer may be avoided by a bona fide purchaser of real property other than fixtures from the debtor. I guess an applicable law permits such transfer to be perfected that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case whether or not such a purchaser exists. So as I understand it, the question is, was the transfer perfected? And in the lack of a valid, providently recorded deed, the transfer is not perfected. And the fact that there's an affidavit of sale recorded with it is really irrelevant, I believe. So that's why I believe the Bankruptcy Judge, Eric, he held that an affidavit of sale recorded with an otherwise improvidently recorded deed constitutes perfection of the transfer. And that, to me, flies in the face of the plain statutory language. So we argue that the Bankruptcy Court Judge should be reversed. What's your response to the argument that Massachusetts, the way Massachusetts law works and who has the title at the time of all of this? The title, I take it, is with the bank, correct? Well, that's an interesting question. When a mortgage is given, Massachusetts law divides the title into legal title and equitable title. The mortgagee receives legal title while the mortgagor retains equitable title subject to the equity of redemption. And that's what I said at the beginning. The transfer of the equity of redemption is an avoidable transfer. But I guess the question is, does the transfer of the title as reflected in the affidavit of sale suffice? And you're saying no because of the imperfection of the deed? That's correct. But let me address one substantive point in your question. All an affidavit of sale does, again, is provide evidence that the foreclosure sale was regularly conducted. But that's conducted by the title holder, correct? That's conducted by the title holder. The sale is made by the bank in the foreclosure sale. And under Massachusetts law, at the time of that sale, the bank had title. So why wouldn't the affidavit then show title has been transferred? What was transferred was not equitable title. What was transferred was the title. Well, that's the problem because it's not unusual that a high bidder at a foreclosure auction will not be able to complete a purchase. You know, say they can't get a mortgage or they don't have enough financial resources to actually complete the sale. So just because at a foreclosure auction some person was the high bidder, that doesn't mean that that high bidder is actually going to complete the sale. I take it there's agreement here? Is there, between you and your colleague, that a simple way for a non-bankruptcy judge to approach this case would be to say, everybody seems roughly agreed, and there's some treatises that seem to say this, my law clerk tells me, that go and look and see if a bona fide purchaser had in fact done exactly what happened here. Same situation. Would the bona fide purchaser have good title? And the answer, you say, is no. Why not? Because the affidavit of sale wasn't properly recorded. But, she also found a case which is called Ingray-Mularski. Ingray-Mularski, it was an affidavit of sale. That's all there was. And they say, prompt compliance with the law that requires an affidavit of sale, after a foreclosure sale, would put the world on notice that the foreclosure had been consummated. So the failure to record that foreclosure deed itself might not present difficulties. So I thought, well, maybe that's the situation here, isn't it? Well, my response is that outside of bankruptcy, once a foreclosure sale happens, that's the end of the discussion. But the Bankruptcy Code gives this avoidance power to the trustee or, in some cases, to a debtor. That doesn't change that. But it is a case, the one that she found, and I just quoted you, they have big initials called BR. And I took that that BR was a reference to a bankruptcy proceeding. Am I right about that? I didn't hear it. It says 565 BR. This BR in big capital letters, does that mean it's a bankruptcy proceeding? Bankruptcy reporting, yes.  Yes, sorry. The other thing about Milarski is that the language the bankruptcy judge relied on was pure dicta. In fact, he relied on New York State cases. And New York law is different because they require judicial foreclosure actions, whereas Massachusetts law provides for an extrajudicial process. I see my time is up, so I thank you very much. Thank you. Thank you. Thank you, counsel. At this time, would counsel for the appellee please introduce himself on the record? He has a 10-minute response. Good morning, Your Honors. John Willis on behalf of Herbert Jacobs, the appellee. You can begin. May it please the Court. If Mr. Tran were correct about this case, there would be no way to provide constructive notice of a foreclosure sale before the closing. Buyers at foreclosure auctions would always have the risk that the mortgagor would file for bankruptcy and undo the foreclosure. That would depress sale prices and hurt borrowers. Mr. Tran is seeking to have this cake and eat it too. He wants to benefit from having the mortgages paid off by Mr. Jacobs. Living in the property, having Mr. Jacobs pay I mean, I don't say that this is dispositive at all against you, but wouldn't it be the case that the persons at the foreclosure sale could just check to see whether the deed was defective? I'm sorry. I'm sorry. Couldn't the person, the purchaser at the foreclosure sale, protect themselves against the scenario you're talking about by having first checked to see if the deed was defective? Well, the problem is that there's a gap in time between the foreclosure sale and the foreclosure deed. So at the foreclosure sale, the buyer has to bid and buy the property and sign the memorandum of sale, committing him to buy it. And the defect wouldn't show up until after that fact? Yes, Your Honor. Then there'll be a title search and there'll be a closing. It takes a few days to get that done. And so during this time, Mr. Jacobs is also paying real estate taxes, insurance. And what Ms. Tran is seeking is to avoid the foreclosure sale so that Ms. Tran is left with everything and Mr. Jacobs is left with nothing. What do you say on, as I understand, at least today, I don't know what's presented below, but I thought I heard somewhat of a textural argument that the inquiry here is whether there was perfection of a transfer. And there can't be perfection of a transfer if there wasn't a transfer. And because of the defect in the deed, there wasn't a transfer. That's the argument that I understood was put forward a few minutes ago. That doesn't sound correct to me for a couple reasons. I think under 544, there has to be a transfer to be avoided. If there's no transfer, there's nothing to avoid. And the deed is not what's at issue here in terms of extinguishing the equity of redemption. It's the affidavit of sale. And that was properly recorded with the jurat. Does that answer your question, Your Honor? Well, it certainly is responsive. Well, it raises a bit of a puzzle. I mean, because you could go in either two directions. And I guess texturally, what do you understand perfecting the transfer to mean? Because the two directions would be, well, even though there was a problem with the deed, we treat it as a perfected transfer. The other would be it's not a perfected transfer, so there's nothing to avoid. That hardly helps you. That doesn't exactly help you. I mean, there's nothing to avoid. But the reason there's nothing to avoid is because there was no transfer at all. That can't be the position you're trying to get us to adopt. So if there was a transfer, I guess my question is still sort of a version of Judge Kayada's, which is what do we do with the word perfect in the bankruptcy code? What does that word mean in a situation in which the transfer occurred but there was a problem with the deed? So perfect in terms of the transfer, well, first you need to take the step that in Massachusetts, it's a title theory state, so you split the legal title and the equity of redemption. So when we're looking at the equity of redemption, the transfer is that it was just extinguished at the time of sale. And there are so many cases on that issue. That's really well established. And so there was a transfer and it was extinguished. And that was perfected because the after the sale was properly recorded. So you don't even – it was recorded with a jurat, which is okay because it's not the same acknowledgement as with the deed. It's a different form in the statute. And so you don't even get to the question of whether the recording of the deed was perfected. The deed was a transfer, but it's not the issue. My worry is are you reading the word perfect out of the code? You seem to be focused on the word transfer. I'm just trying to figure out what the word perfect in the code is doing. Okay. And I'm looking right now at my quote from the – so perfect in the code, I'm not reading that out of the code. It's not there. It's not in the statute you're saying? No, I don't know. We were told it was in the statute. If it's not there, then I think you've got a pretty good point. So I – let me see. The statute speaks to avoiding a transfer, doesn't it? Yes, Your Honor. And so I guess the argument would still be there's no – well, if there's no transfer to be avoided, then what happens? Your argument is the only property at issue here was the equity of redemption, and that got either transferred or eliminated. Yes. And there would be constructive notice of that because there was a proper affidavit of sale. Yes, Your Honor. And that's what perfected means. And I think it is in the statute. It's a long statute. Does it make sense to talk about the transfer being of the equity of redemption? In other words, what is the transfer on your theory? So the first transfer is the extinguishment of the equity of redemption. That's a transfer? That's a transfer from Mr. Jacobs to it just being eliminated. It no longer exists. So that's an odd word to describe something going away. Usually a transfer is something goes from A to B, not something goes from A to nothing. Yes, Your Honor. But you're saying the right reading of the statute is transfer there means the extinguishment of the equity of redemption? Yes. It's transfer in the sense that he had this interest in the property that went away. So at that point, the bank just held the legal title and conveyed the legal title to Mr. Jacobs. And as the judge said, Mr. Tran was a stranger to that transaction. He no longer had an interest in the property. Is there any reason I can't just look at this as what we found in the treatise and say, well, treat Mr. Jacobs' interest as suppose he was a bona fide purchaser? If he had been a bona fide purchaser, we would ask, does this failure to record properly the deed, would that mean that he wasn't entitled to this property anymore when somebody sues him who once had it long ago in the chain of title? And the answer would be wrong. He is entitled to the property because he knew there was an affidavit of sale. And since he knew there was an affidavit of sale, he knew that the person who previously owned it before it was sold could not take him out. Is that right? That's right. And it's that 544. I thought you'd say it was right. And Section 544 speaks to avoiding the transfers of property of the debtor. It doesn't speak to avoiding transfers of Citizens Bank's property. So it's the equity of redemption is an issue. And a bona fide purchaser coming in could not avoid that transfer, could not affect Herbert Jacobs' title under Section 544. That's really the whole case. Thank you. Thank you. Thank you, counsel. That concludes argument in this case.